UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MAURICE BELFIELD,<br>　　Petitioner,<br>　v.<br>M. E. SPEARMAN,<br>　　Respondent. | Case No. 19-cv-05819-JCS (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. Nos. 2, 3, and 6 |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. On or before **February 18, 2020**, respondent shall file in response to the petition an answer or a dispositive motion.

Petitioner has consented to magistrate jurisdiction. (Dkt. No. 4.) Respondent must also consent if the undersigned is to continue as the presiding judge in this action.

## BACKGROUND

According to the petition in 2016, a Contra Costa Superior Court jury convicted petitioner of second degree murder, shooting at a person from a motor vehicle, and unlawfully possessing a firearm. A sentence of 75 years to life was imposed.

Petitioner sought but was denied relief on state review. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) there were instructional errors; (2) trial counsel rendered ineffective assistance; (3) the trial court failed to provide the jury with an appropriate response to one of its questions; and (4) there was prosecutorial misconduct (including *Griffin* error)[1] and the trial court erred in allowing it. When liberally construed, these claims are cognizable on federal habeas review.

**MOTIONS**

Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 3 and 6.)

Petitioner moves for the appointment of counsel because he is a schizophrenic and the issues presented in the petition are complex. This motion is DENIED. (Dkt. No. 2.) The case does not present factually or legally complex issues nor are there other reasons justifying the appointment of counsel. 18 U.S.C. § 3006A. According to papers filed by petitioner, his schizophrenia is currently being effectively treated with Haldol. Furthermore, his filings are clear and well-reasoned.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California. The

---

[1] *Griffin v. California*, 380 U.S. 609 (1965).

2

Clerk shall also serve a copy of this order on petitioner.

2. On or before **February 18, 2020**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **February 17, 2020**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Docket Nos. 3 and 6)

9. Petitioner's motion for the appointment of counsel is DENIED. (Dkt. No. 2.)

3

10. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 4, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  TONY MAURICE BELFIELD,                    Case No. 19-cv-05819-JCS
          Plaintiff,
8
9       v.                                    **CERTIFICATE OF SERVICE**

10  M. E. SPEARMAN,
          Defendant.
11
12      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13  District Court, Northern District of California.

14      That on December 4, 2019, I SERVED a true and correct copy(ies) of the attached, by
    placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
    receptacle located in the Clerk's office.
16

17  Tony Maurice Belfield ID: #T-30890
    High Desert State Prison
18  P.O. Box 3030
    Susanville, CA 96127
19
20
21  Dated: December 4, 2019
22
                                            Susan Y. Soong
23                                          Clerk, United States District Court
24
25
                                            By:_____*Karen L. Hom*_____
26                                          Karen Hom, Deputy Clerk to the
27                                          Honorable JOSEPH C. SPERO
28

5