UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MAURICE BELFIELD,<br>　　　　Petitioner,<br>　　v.<br>M. E. SPEARMAN,<br>　　　　Respondent. | Case No. 19-cv-05819-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION DUE TO ONGOING STATE COURT PROCEEDINGS; DENYING REQUEST TO STAY**<br><br>Re: Dkt. Nos. 17, 18, 19 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition due to ongoing state court proceedings. Dkt. No. 17. Petitioner has requested that the Court stay this action, rather than dismiss it. Dkt. Nos. 18, 19. For the reasons set forth below, the Court GRANTS the motion to dismiss and DENIES the requests to stay this action.

**BACKGROUND**

In 2016, a Contra Costa County Superior Court jury found petitioner guilty of murder (Cal. Penal Code § 187), shooting at a person from a motor vehicle (Cal. Penal Code § 26100(c)), and unlawfully possessing a firearm (Cal. Penal Code § 29800(a)(1)); and found true allegations that petitioner had personally discharged a firearm causing great bodily injury or death (Cal. Penal Code § 12022.53(b)-(d)). The trial court found true allegations that petitioner had suffered two prior strike convictions (Cal. Penal Code § 667(b)-(i)), one prior serious felony conviction (Cal. Penal Code § 667(a)), and two prior prison terms (Cal. Penal Code § 667.5(b)). The trial court sentenced petitioner to 75 years to life. Dkt. No. 17, Ex. 1 at 9.

Petitioner appealed and filed a habeas petition in the California Court of Appeal. On November 29, 2018, the appellate court remanded the case for the trial court to exercise its

discretion as to whether to strike the firearm enhancements, otherwise affirmed the judgment, and denied the habeas petition. Dkt. No. 17, Ex. 1.

Petitioner sought direct review and filed a habeas petition in the California Supreme Court. The California Supreme Court denied review on February 27, 2019, and denied the habeas petition on March 13, 2019. Dkt. No. 17, Exs. 2 and 3.

On August 5, 2019, the trial court struck the firearm enhancement and resentenced petitioner to 45 years to life. Dkt. No. 17, Ex. 4. On August 28, 2019, petitioner appealed his resentencing in the California Court of Appeal. Dkt. No. 17, Ex. 5.

On September 3, 2019, petitioner filed the instant petition.[1] Dkt. No. 1.

As of June 10, 2020, petitioner's appeal of his resentencing was still pending. Dkt. No. 17 at 1.

**DISCUSSION**

Respondent argues that the Court should dismiss this petition pursuant to the *Younger* abstention principle.

The *Younger* abstention principle provides that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

---

[1] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that petitioner gave his petition to prison authorities for mailing on or about September 3, 2019. Dkt. No. 1-1 at 3.

1     Respondent argues that petitioner's appeal of his resentencing is an ongoing state court
2 criminal proceeding that implicates important state interests, that petitioner will have a chance to
3 raise these claims once his amended judgment becomes final because the resentencing results in a
4 new judgment and a federal habeas petition challenging the new judgment is not considered
5 second or successive, and because the relief requested in this action would enjoin the ongoing state
6 court proceedings. Dkt. No. 17.

7     In response, petitioner requests that the Court stay his case until the conclusion of state
8 court proceedings. Dkt. Nos. 18, 19.

9     The Court agrees that *Younger* abstention is appropriate here.

10     First, state proceedings are ongoing. State proceedings are ongoing if they are initiated
11 before any proceedings of substance on the merits have taken place in federal court. *Nationwide
12 Biweekly Administration, Inc. v.* Owen, 873 F.3d 716, 728 (9th Cir. 2017). The rationale of
13 *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state
14 court judgment be exhausted before federal court intervention is permitted. *See Huffman v.
15 Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975); *Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 223
16 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court
17 proceedings still considered pending). On August 28, 2019, petitioner appealed his resentencing
18 in the California Court of Appeal, Dkt. No. 17, Ex. 5, and filed this petition days later.
19 Petitioner's state court appeal is still pending. While an order to show cause has issued in this
20 action, no proceedings of substance, i.e. the filing of an answer, have yet taken place.

21     Second, state criminal proceedings implicate important state interests. *See Kelly v.
22 Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering their criminal justice systems
23 free from federal interference is one of the most powerful of the considerations that should
24 influence a court considering equitable types of relief") (holding that federal bankruptcy court
25 should not invalidate results of state criminal proceedings).

26     Third, the state proceedings afford petitioner adequate opportunity to raise the
27 constitutional issues in that he is not precluded from raising the same challenges to the judgement
28 arising out of his resentencing that he raised to challenge the original judgment or has raised here.

3

Finally, the practical effect of granting habeas relief in this action would interfere with the ongoing state court proceedings in that it would imply the invalidity of the conviction and require this Court to make findings about whether the underlying trial violated petitioner's constitutional rights. *See also Phillips v. Neuschmid*, C No. 19-cv-03225 RGK, 2019 WL 6312573, at *2 (C.D. Cal. Oct. 18, 2019) (listing cases where federal courts abstained under *Younger* because of ongoing resentencing proceedings in state court).

Because *Younger* abstention is appropriate, the Court may not stay this case pending the resolution of the state court proceedings, as requested by plaintiff. Accordingly, respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED. Dkt. No. 17. The dismissal is without prejudice to petitioner filing a new petition when all state court proceedings arising out of the resentencing are concluded.[2] Petitioner's requests to stay this case are DENIED. Dkt. Nos. 18, 19.

## CONCLUSION

For the reasons set forth above, respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED. Dkt. No. 17. Petitioner's request to stay this case is DENIED. Dkt. Nos. 18, 19. The instant petition is DISMISSED without prejudice to filing a new petition when all state court proceedings arising out of the resentencing are concluded.

**IT IS SO ORDERED.**

Dated: 9/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Petitioner is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Once the state court proceedings are concluded, petitioner should not delay in returning to federal court with any new petition.